UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Michael Mosso,<br><br>            Plaintiff,<br><br>     v.<br><br>Dependable Auto Shippers, Inc.,<br><br>            Defendant. | 1:07-cv-00005-OWW-NEW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 17) |
|---|---|

## I. Introduction.

This case concerns damages to plaintiff Michael Mosso's ("Mosso") 1973 Chevrolet Camaro by defendant Dependable Auto Shippers, Inc. ("DAS") while in transit from Michigan to California. Before the court for decision is DAS's motion to dismiss Mosso's First Amended Complaint ("FAC").

## II. Background.

Mosso filed his original complaint in state court.[1] On December 29, 2006, DAS removed the case to this Court on federal question grounds under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706, et seq.) ("Carmack Amendment"). DAS filed a motion to dismiss on December 29, 2006, on the

---

[1] A copy of the original state court complaint is not on the docket in this case (1:07-cv-00005-OWW-NEW).

grounds that Mosso's original complaint violated the Carmack Amendment by seeking relief that was unavailable, which included damages exceeding $250 and attorney's fees.  By stipulation of the parties and court order, DAS's motion to dismiss was withdrawn effective June 13, 2007.

On July 2, 2007, Mosso filed his FAC, which includes the following allegations.  DAS or its agents agreed to transport Mosso's 1973 Chevrolet Camaro ("Camaro") from Michigan to California.  Mosso's Camaro sustained damage during transit from Michigan to California, including theft of a DVD player, an oil stain on the driver's side of the car, a scratched front wheel well, and the bottoming out of the driver's side rear corner panel.  DAS drove the Camaro approximately 175 miles without authorization.  DAS also concealed the original bill of lading to induce Mosso to believe DAS had not damaged the Camaro.  The FAC seeks general damages in excess of $20,000 plus pre-judgment interest, costs, and attorney's fees pursuant to the bill of lading.  Attached to the FAC is what appears to be a one-page bill of lading listing damages to a black, 1973 Chevy Camaro.

On July 17, 2007, DAS filed a motion to dismiss Mosso's FAC.  On August 13, 2007, Mosso filed his opposition to DAS's motion.  DAS did not file a reply brief.

### III. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  The question before the court is not whether the plaintiff will ultimately prevail,

rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.  Discussion.

DAS seeks to dismiss Mosso's FAC to the extent it seeks damages in excess of $250 and attorney's fees.  DAS contends that damages in excess of $250 and attorney's fees are not recoverable under the Carmack Amendment.  DAS maintains damages are recoverable for the actual value of the shipped item or $250 when the value of the item is not declared on the bill of lading.  DAS also maintains attorney's fees are not recoverable under the Carmack Amendment and are not provided for in the contract at issue.

Mosso contends he is entitled to damages exceeding $250 and

3

attorney's fees.  In support of his position, Mosso maintains DAS offers valuation coverage to its customers when its shipping services are purchased.  Mosso purchased valuation coverage when he contracted for shipment service from DAS.  According to Mosso, this valuation coverage provides him with up to $50,000 in coverage.  Mosso made a claim with DAS for damages to the Camaro immediately after the car arrived.  Mosso also maintains attorney's fees are recoverable in this case pursuant to the terms of the bill of lading.

A.   <u>Overview of the Carmack Amendment</u>.

"The Carmack Amendment to the Interstate Commerce Act establishes motor carrier liability for the actual loss or injury to the property a carrier transports."  *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 620 (9th Cir. 2005).  "The Carmack Amendment preempts many state and common law claims against carriers in an effort to create a national scheme of carrier liability for goods damaged or lost during interstate shipment."  *Id.*

The controlling provision applicable here is 49 U.S.C. § 14706.  Section 14706 provides in relevant part

(a) General liability.--

(1) Motor carriers and freight forwarders.--A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to

> recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.
>
> (c) Special rules.--
>
>> (1) Motor carriers.--
>>
>>> (A) Shipper waiver.--Subject to the provisions of subparagraph (B), a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 may, subject to the provisions of this chapter (including with respect to a motor carrier, the requirements of section 13710(a)), establish rates for the transportation of property (other than household goods described in section 13102(10)(A)) under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.
>>>
>>> (B) Carrier notification.--If the motor carrier is not required to file its tariff with the Board, it shall provide under section 13710(a)(1) to the shipper, on request of the shipper, a written or electronic copy of the rate, classification, rules, and practices upon which any rate applicable to a shipment, or agreed to between the shipper and the carrier, is based. The copy provided by the carrier shall clearly state the dates of applicability of the rate,

```
                        classification, rules, or practices.
   (d) Civil actions.--
       (1)  Against delivering carrier.--A civil action
            under this section may be brought against a
            delivering carrier in a district court of the
            United States or in a State court. Trial, if
            the action is brought in a district court of
            the United States is in a judicial district,
            and if in a State court, is in a State through
            which the defendant carrier operates.

       (2)  Against carrier responsible for loss.--A civil
            action under this section may be brought
            against the carrier alleged to have caused the
            loss or damage, in the judicial district in
            which such loss or damage is alleged to have
            occurred.

       (3)  Jurisdiction of courts.--A civil action under
            this section may be brought in a United States
            district court or in a State court.

       (4)  Judicial district defined.--In this section,
            "judicial district" means--

            (A)  in the case of a United States district
                 court, a judicial district of the United
                 States; and

            (B)  in the case of a State court, the
                 applicable geographic area over which
                 such court exercises jurisdiction.

   (e) Minimum period for filing claims.--

       (1)  In general.--A carrier may not provide by
            rule, contract, or otherwise, a period of less
            than 9 months for filing a claim against it
            under this section and a period of less than 2
            years for bringing a civil action against it
            under this section. The period for bringing a
            civil action is computed from the date the
            carrier gives a person written notice that the
            carrier has disallowed any part of the claim
            specified in the notice.

       (2)  Special rules.--For the purposes of this
            subsection--

            (A)  an offer of compromise shall not
                 constitute a disallowance of any part of
                 the claim unless the carrier, in writing,
```

6

```
                    informs the claimant that such part of
                    the claim is disallowed and provides
                    reasons for such disallowance; and


    (f) Limiting liability of household goods carriers to
        declared value.--

        (1) In general.--A carrier or group of carriers
            subject to jurisdiction under subchapter I or
            III of chapter 135 may petition the Board to
            modify, eliminate, or establish rates for the
            transportation of household goods under which
            the liability of the carrier for that property
            is limited to a value established by written
            declaration of the shipper or by a written
            agreement.

        (2) Full value protection obligation.--Unless the
            carrier receives a waiver in writing under
            paragraph (3), a carrier's maximum liability
            for household goods that are lost, damaged,
            destroyed, or otherwise not delivered to the
            final destination is an amount equal to the
            replacement value of such goods, subject to a
            maximum amount equal to the declared value of
            the shipment and to rules issued by the
            Surface Transportation Board and applicable
            tariffs.

        (3) Application of rates.--The released rates
            established by the Board under paragraph (1)
            (commonly known as "released rates") shall not
            apply to the transportation of household goods
            by a carrier unless the liability of the
            carrier for the full value of such household
            goods under paragraph (2) is waived, in
            writing, by the shipper.
```

B. <u>Attorney's Fees</u>.

DAS cites *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874 (5th Cir. 1996) and *PolyGram Group Distribution, Inc. v. Transus, Inc.*, 990 F. Supp. 1454 (N.D. Ga. 1997), for the proposition that attorney's fees are not recoverable under the Carmack Amendment.

DAS also maintains the contract at issue does not contain a

provision for attorney's fees. In support of its position, DAS attached to its motion to dismiss three copies of the front-side of a single bill of lading. In his opposition to DAS's motion, Mosso attached as Exhibit "D" the "Contract Terms and Conditions" ("BOL Terms"), which are printed on the reverse side of DAS's bill of lading. Paragraph 14 of the BOL Terms provides:

> This Contract shall be governed by Title 49 U.S.C. § 14706 and the laws of the State of Texas where Title 49 is silent. Any action related to this Contract must be brought in the federal court having jurisdiction in and for Mesquite, Texas or the state court in Mesquite, Texas in the event the federal court lacks jurisdiction. *<u>Shipper waives trial by jury. Shipper waives all claims against Carrier if actual written notice of the claim to Carrier is not made within 60 days of the date of the incident giving rise to the claim, and any civil action related to this Contract is waived if not made within 2 years of the date the Carrier gives written notice of denial of any part of the claim specified in the notice.</u>* In any dispute regarding this Contract, the prevailing party shall be entitled to payment by the losing party of all attorneys' fees, legal fees, and court costs associated with the dispute. (Emphasis in original).

The last sentence of paragraph 14 of the BOL Terms clearly indicates the prevailing party in a dispute under the contract is entitled to attorney's fees. "The bill of lading operates as both the receipt and the basic transportation contract between the shipper-consignor and the carrier, and its terms and conditions are binding." *EF Operating Corp. v. American Buildings*, 993 F.2d 1046, 1050 (3d Cir. 1993) (citing *Texas & P. Ry. Co. v. Leatherwood*, 250 U.S. 478, 480-83 (1919)). DAS's claim the contract at issue does not provide for attorney's fees is meritless. As the BOL Terms clearly entitle DAS or Mosso to attorney's fees if either is a prevailing party, the inquiry becomes whether § 14706 preempts paragraph 14's attorney fee provision.

Section 14706 does not provide for attorney's fees. Neither *Accura*, *PolyGram*, nor any other case interpreting § 14706 addresses the validity of attorney's fees provisions included within a bill of lading. *PolyGram* involved damages arising out of the delivery of sound recordings to a music store that was under construction. *PolyGram*, 990 F. Supp. at 1456-58. *PolyGram* addressed whether attorney's fees and costs were recoverable under a Georgia statute. The relevant state statute provided that expenses of litigation, including attorney's fees, were allowable if the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. *Id.* at 1460. The court concluded, with little analysis, that attorney's fees and costs sought under a Georgia statute were not recoverable because they are preempted by the Carmack Amendment. *Id.*

*Accura* involved damages to specially coated aluminum building materials that were shipped from Texas to California. *Accura*, 98 F.3d at 876. Accura was awarded damages and attorney's fees for damages to the building materials. *Id.* Relying on *Strickland Transp. Co. v. American Distrib. Co.*, 198 F.2d 546 (5th Cir. 1952), the court held attorney's fees authorized by state law are not recoverable in Carmack Amendment actions.[2] *Accura*, 98 F.3d at 877. In *Strickland*, however, attorney's fees were sought under Article 2226 of the Revised Civil Statutes of Texas. *Strickland*, 198 F.2d at 547.

---

[2] The court's opinion in *Accura* does not indicate the relevant state law provision that the district court relied upon to award attorney's fees to the plaintiff.

9

The cases that recognize the availability of attorney's fees in Carmack Amendment cases arise under the attorney's fee provision found in 49 U.S.C. § 14708, which only applies to damage or loss to "household goods" while in transport. *See*, *e.g.*, *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618 (9th Cir. 2005); *Drucker v. O'Brien's Moving and Storage Inc.*, 963 F.2d 1171 (9th Cir. 1992); *Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482 (W.D. Va. 2004); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104 (D. Nev. 2003).

Section 14708(d) specifically provides for an award of attorney's fees to a shipper if three requirements are met. These cases do not provide any guidance for two reasons. First, § 14708(d) specifically provides for attorney's fees, whereas § 14706–the provision under which this case arises–is silent regarding attorney's fees. Second, § 14708 applies only to "household goods." Household goods means

> personal effects and property used or to be used in a dwelling, when a part of the equipment or supply of such dwelling, and similar property if the transportation of such effects or property is–
>
> (A) arranged and paid for by the householder, except such term does not include property moving from a factory or store, other than property that the householder has purchased with the intent to use in his or her dwelling and is transported at the request of, and the transportation charges are paid to the carrier by, the householder; or
>
> (B) arranged and paid for by another party.

49 U.S.C. § 13102(10). By definition, an automobile is not a household good because it is not a personal effect or personal property "used in a dwelling." Mosso does not argue the Camaro is a household good.

10

Attorney's fees were awarded in factually similar case, *Caspe v. Aaacon Auto Transport, Inc.*, 658 F.2d 613 (8th Cir. 1981), where the court affirmed the district court's award of attorney's fees in a Carmack Amendment case to a shipper whose Cadillac was damaged while being transported from California to Iowa. The district court, however, awarded the shipper attorney's fees under the court's inherent powers under *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975), because "the defendant's conduct was most vexatious." *Caspe*, 658 F.2d at 617-18. *Caspe* provides little guidance because the court awarded the shipper attorney's fees pursuant to its inherent powers rather than under a state statute or contract provision.

Here, Mosso seeks attorney's fees pursuant to the attorney's fee provision in BOL Terms paragraph 14, and not pursuant to a state statute. The cases DAS cite stand for the proposition that a shipper cannot recover attorney's fees pursuant to a state statute in a proceeding brought under § 14706. As the cases described above do not prevent the parties from contractually providing for attorney's fees to the prevailing party in a Carmack Amendment dispute, and the BOL Terms are binding on the parties, *EF Operating Corp.*, 993 F.3d at 1050, DAS's motion to dismiss Mosso's FAC to the extent it seeks attorney's fees is DENIED.

C.  **Damages in Excess of $250**.

The Carmack Amendment permits a carrier to establish rates for the transportation of property (other than household goods) under which the liability of the carrier is limited to a value

11

established by a written or electronic declaration of the shipper or by written agreement between the carrier and shipper if the value would be reasonable under the circumstances surrounding the transportation.  49 U.S.C. § 14706(c)(1)(A).

DAS has attempted to limit its liability to Mosso under § 14706 through paragraph 8 of the BOL Terms.  Paragraph 8 provides

> Carrier shall in no event be liable for acts of God, acts of Public Authority, acts of public enemy, acts of Shipper, or inherent vice.  Shipper agrees that the liability of the carrier for loss or damage to the Vehicle is limited to a maximum of $250.00 per shipment, pursuant to 49 U.S.C. § 14706.
>
> Carrier's limit of liability is $250.00 unless valuation coverage is purchased _prior_ to Carrier's possession.  Valuation coverage is available at an additional charge at the time of booking with a maximum coverage up to the Actual Cash Value of the Vehicle or $50,000.00, whichever is less and is subject to a $100.00 deductible.  Any claim for loss or damage must be noted on the condition report at the time of delivery and actual notice of the loss must be made, in writing to <u>Dependable Auto Shippers, 3020 East Hwy 80, Mesquite, TX 75149</u>, and marked "ATTENTION CLAIMS".  <u>In the event of paid total loss, the Carrier has the right to salvage.</u>
>
> If Shipper requires the Carrier to assume greater liability, Shipper must declare a higher value ("Actual Cash Value"), in writing on this document prior to shipment (see Form A, below).  Shipper will pay in advance additional charges for valuation coverage commensurate with the higher declaration of the Actual Cash Value.  Failure to declare a higher "Actual Cash Value" and to pay the additional charges associated therewith, in advance, will serve to limit Carrier's liability for any damage or loss to the Vehicle to $250.00.
>
> _____
> Form A: The Actual Cash value of the vehicle is hereby declared by the shipper to be $_____.  The Shipper may elect to pay, in advance, additional charges for valuation coverage.  Valuation coverage on the vehicle shall be in the amount not to exceed the Actual Value of the vehicle or a maximum of $50,000, which ever is less.
> _____

(Emphasis in original).

Additionally, the front-side of the bill of lading states

> If Shipper does not enter the Actual Cash Value on Form A <u>and</u> pay additional charges for valuation coverage in advance of shipment, the $250.00 limitation of liability pursuant to 49 U.S.C. § 14706, shall apply. All claims are subject to a $100 deductible. Carrier does not guarantee delivery on any particular schedule. (Emphasis added).

As previously mentioned, "[t]he bill of lading operates as both the receipt and the basic transportation contract between the shipper-consignor and the carrier, and its terms and conditions are binding." *EF Operating Corp. v. American Buildings*, 993 at 1050. "As a contract, it is subject to general rules of construction under contract law." *Id.* "[A]s a contract of adhesion between the carrier and shipper, it is strictly construed against the carrier." *Id.* (citing *Interocean S.S. Corp. v. New Orleans Cold Storage & Warehouse Co., Ltd.*, 865 F.2d 699, 703 (5th Cir. 1989).

Here, the front-side of the bill of lading and the third paragraph of BOL Terms paragraph 8 indicate if the Shipper does not enter the Actual Cash Value on Form A and pay additional charges for valuation coverage in advance of shipment, the $250.00 limitation of liability pursuant to 49 U.S.C. § 14706 shall apply.

Form A, however, was not completed. This oversight, according to DAS, limits its liability to $250. This argument fails. For DAS to limit its liability to $250, Mosso must (1) fail to enter the Actual Cash Value on Form A, and (2) fail to pay additional charges for valuation coverage. Here, Mosso did not complete the Actual Cash Value in Form A, but he did pay for

13

valuation coverage.  A letter from DAS indicates valuation coverage was purchased.  The letter further indicated that "[t]he liability of DAS is limited to $250.00, unless you have purchased Valuation coverage at an additional cost."

The only sentence that appears to limit DAS's liability is the first sentence of the third paragraph of BOL Terms paragraph 8, which provides "[i]f Shipper requires the Carrier to assume greater liability, Shipper must declare a higher value ("Actual Cash Value"), in writing on this document prior to shipment (see Form A, below)."  However, this sentence must not be read in isolation, but in conjunction with the subsequent sentences found in the third paragraph of BOL Terms paragraph 8.  As a contract of adhesion between the carrier and shipper, it is strictly construed against the carrier.  *EF Operating Corp.*, 993 F.2d at 1050.  DAS's motion to dismiss Mosso's FAC to the extent it seeks damages in excess of $250 is DENIED.

### V. Conclusion.

DAS's motion to dismiss Mosso's FAC to the extent it seeks damages in excess of $250 and attorney's fees is DENIED on both grounds.  DAS shall file an answer within the time period prescribed under Federal Rule of Procedure 12(a)(4).

**IT IS SO ORDERED.**

Dated:   September 18, 2007            /s/ Oliver W. Wanger
                                **UNITED STATES DISTRICT JUDGE**